Dr. Howard V. HONG, Appellant,

v.

TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA and College Retirement Equities Fund, Appellees.

No. 82–2231.

United States Court of Appeals, Eighth Circuit.

Submitted May 20, 1983.

Decided Oct. 13, 1983.

---

Best & Flanagan, Allen D. Barnard, Christine K. Solso, Minneapolis, Minn., for appellees.

John Murray & Associates, Ltd., Richard A. Lockridge, Marcus R. Magnuson, St. Paul, Minn., for appellant.

Before BRIGHT and McMILLIAN, Circuit Judges, and NICHOL,* Senior District Judge.

McMILLIAN, Circuit Judge.

Dr. Howard V. Hong appeals from a grant of summary judgment by the District Court[1] for the District of Minnesota in favor of Teachers Insurance and Annuity Association of America and College Retirement Equities Fund (TIAA–CREF). Hong alleges that the district court erred in finding that during the course of litigation he entered into a substitute contract, thereby extinguishing the contract that was the subject of the litigation. We affirm.

Hong is Professor Emeritus and Director of the Kierkegaard Library at St. Olaf College in Northfield, Minnesota. TIAA–CREF are legal reserve life insurance and annuity companies incorporated under the laws of the State of New York. On appeal the parties rely on New York law for resolution of the dispute.

In May 1964 Hong elected to participate in appellees' retirement annuity program. Appellees operate a "two contract" annuity system. At the time an individual elects to participate in an annuity program, he or she receives a set of deferred annuity contracts. At the time he or she elects to receive benefits, the individual must surrender the original deferred annuity contracts for a set of immediate annuity contracts and must also select an option for the payment of the benefits.

In May 1978 Hong wrote appellees to inquire whether he was entitled to a lump sum annuity payment. Appellees responded that his contracts precluded lump sum distribution. In July 1981 Hong filed suit alleging that his contracts provided for a lump sum payment. Appellees moved for summary judgment. On January 8, 1982, the district court denied the motion.

On March 3, 1982, Hong wrote to appellees and requested initiation of his annuity benefits. Appellees mailed Hong the application forms and information necessary to commence the payment of benefits. On March 19, 1982, Hong formally applied for benefits and selected a payment option. On the application form immediately above appellant's signature appears the following language in bold face print: "*I understand that I cannot change my choice of option . . . once payments begin . . . .*" (Emphasis added.) Along with the application, Hong sent appellees copies of his original deferred annuity contracts. Appellees informed Hong that he must surrender his original deferred annuity contracts in order to receive his first payment and explained that the "original deferred annuity contracts would have no effect once payments begin." Thereafter Hong surrendered his original deferred annuity contracts and received im-

* The Honorable Fred J. Nichol, United States Senior District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.

mediate annuity contracts. TIAA's immediate annuity contract stated:

This immediate annuity contract is issued in consideration of the surrender to TIAA of original contract number A–212068–9 and the application of the proceeds of such original contract in the amount of $65,095.49 to this immediate annuity contract. *Such consideration shall be in fulfillment of all obligations of the original contract.*

(Emphasis added.) The CREF contract contained similar language.

Hong then wrote to appellees and requested annual payment, rather than monthly payment, and that the payment checks be mailed directly to his bank. On May 18, 1982, appellees mailed two checks, totalling over $40,760, constituting Hong's initial annual benefit payment, to Hong's bank for deposit.

Appellees again moved for summary judgment alleging *inter alia* that Hong no longer had a cause of action on the original deferred annuity contracts because he had entered into a substitute contract when he surrendered his original contracts and accepted immediate annuity contracts along with an initial annuity payment. The district court agreed and granted appellees' motion for summary judgment.

As the district court stated, "[w]hether Hong, by surrendering his old contracts and accepting immediate annuity certificates along with an initial annuity payment, acted to substitute the new annuity contracts for the old is a question of the intention of the parties." *Hong v. Teachers Insurance & Annuity Ass'n,* Civ. No. 4–81–558, slip op. at 4 (D.Minn. Oct. 7, 1982). Hong argues that summary judgment is inappropriate to resolve questions of intent. However, "[i]ntention, of course, may be demonstrated conclusively by the documents, in which case the conclusion is one of law, or by the circumstances surrounding the negotiations, at which point it becomes an issue of fact." *National American Corp. v. Federal Republic of Nigeria,* 448 F.Supp. 622, 643 (S.D.N.Y.1978) (applying New York law), *aff'd,* 597 F.2d 314 (2d Cir.1979). Based on the plead-

ings and the affidavits, the district court found there was no genuine issue of fact.

The district court found that the language of the documents made clear that the immediate annuity contracts extinguished all obligations under the deferred annuity contracts. The court noted that Hong signed the application immediately above a declaration which read in part, "I understand that I cannot change my choice of options ... once payments begin," that appellees informed Hong in writing that the old contracts would have "no effect" once payments began, and that the new contracts stated that they were issued "in fulfillment of all obligations of the original contract."

Further, the district court found that Hong's actions did not contradict "the clear import that [he] received his new annuity contracts in place of the old." The district court noted that

Hong is a highly educated, literate individual. He was present and attentive during a prior hearing before this court when counsel for all parties fully presented their interpretation of their rights and obligations under the original contracts. With full knowledge of this lawsuit and the ability to understand the plain meaning of the language used in his application for immediate annuity benefits, Hong chose to surrender the original certificates with notice that his receipt of benefits would cause the original contracts to have "no effect." He never indicated, by word or act, that he did not intend to substitute contracts nor did he seek to preserve his right to seek a lump sum distribution or protest the terms offered by [appellees]. Rather, he accepted the substitute benefits under the original annuity contracts.

*Hong v. Teachers Insurance & Annuity Ass'n,* slip op. at 5.

We hold that the district court properly granted appellees' motion for summary judgment. *See Trnka v. Elanco Products Co.,* 709 F.2d 1223, 1227 (8th Cir.1983) ("It is well established in this circuit that disputes involving the interpretation of unambigu-

ous contracts are appropriate cases for the entry of summary judgment.").

We also reject Hong's allegation that even if he had entered into substitute contracts, the contracts should be voided on the ground of economic duress. Although we do not believe that Hong has established economic duress, *see Neuman v. Pike,* 456 F.Supp. 1192, 1207 (S.D.N.Y.1978), *rev'd in part on other grounds,* 591 F.2d 191 (2d Cir.1979), "it must be emphasized that duress merely renders a contract voidable [, not void]. Thereafter, the victim may ratify the agreement by accepting its benefits." *National American Corp. v. Federal Republic of Nigeria,* 448 F.Supp. at 645. Here, Hong accepted the initial annual annuity payment and, as noted by the district court, "did not seek to preserve his right to seek a lump sum distribution or protest the terms offered by [appellees]."

Accordingly, the judgment is affirmed.[2]

BRIGHT, Circuit Judge, dissenting.

I dissent. Throughout this lawsuit, TIAA–CREF admitted that Dr. Hong's deferred annuity contracts provided him with four different periodic payment options. The only issue was whether, under these contracts, he was also entitled to receive his annuity benefits in a single, lump-sum payment. Dr. Hong contended that these contracts provided for lump-sum distributions; TIAA–CREF disagreed. In March of 1982, Dr. Hong exercised his undisputed right to receive his annuity benefits under one of the four periodic payment plans. I do not agree with the majority's conclusion that, by exercising this right, Dr. Hong entered into substitute contracts, thereby extinguishing the original contracts and eliminating his alleged right to a lump-sum distribution.

Less than one year after Dr. Hong filed suit against TIAA–CREF seeking a lump-sum distribution of his annuity benefits, he wrote to the company asking for the initiation of benefit payments under one of the periodic payment options. In that letter, Dr. Hong gave no indication of any intention to relinquish his claim to a lump-sum distribution. He simply requested payment under one of the undisputed options in the contracts. In its response to this letter, TIAA–CREF did not mention the ongoing litigation either. The letter merely provided an application form to Dr. Hong, which TIAA–CREF requested that he complete and return in order that it might initiate benefit payments. In addition, an attached "checklist" instructed him to return his TIAA contract and his CREF certificate.

Dr. Hong did as he was told; he completed, signed, and returned the application form, along with *copies* of the contracts that were the subject of this litigation. In a letter acknowledging receipt of this material, TIAA–CREF informed Dr. Hong that he must return the *original* contract and certificate. Again, there was no mention of the lawsuit. Dr. Hong returned the original contract and certificate to TIAA–CREF. It, in return, sent him the two documents that the majority finds constitute substitute contracts.

In reaching its conclusion, the majority relies on language in the application form, one of TIAA–CREF's letters to Dr. Hong, and the replacement documents that TIAA–CREF sent to Dr. Hong upon receipt of his originals. The majority's reliance on the replacement documents is clearly misplaced. Although the language in the documents unequivocally manifests TIAA–CREF's intent to discharge all obligations under the original contracts, it hardly indicates Dr. Hong's intent. He did not sign these purported contracts. He never even read these documents prior to completing the application form and surrendering the original contracts. He simply received these documents in the mail after the fact.

The majority relies upon two pieces of evidence in its conclusion that Dr. Hong intended to substitute the new annuity con-

---

2. We also reject Hong's claim that New York law requires settlements not made in open court to be in writing and signed by the parties, *see* N.Y.Civ.Prac.R. 2104 (McKinney), as inapplicable to the facts of this case.

tracts for the old. First, Dr. Hong signed the application form below a provision which read in part, "I understand that I cannot change my choice of option * * * once payments begin." Second, in the letter informing Dr. Hong of the requirement that he surrender the original contracts, TIAA–CREF noted that the provisions of the initial contracts would have "no effect" after payments began under the option selected by Hong. This evidence does not support a determination that no genuine issue of fact exists as to the question of intent.

None of the correspondence mentions the lawsuit, much less discusses the effect of Dr. Hong's actions on his disputed claim for a lump-sum distribution. These actions were taken only three months after the district court denied TIAA–CREF's motion for summary judgment, confirming that the terms of the contracts were indeed ambiguous as to the availability of a single, lump-sum payment option. No dispute exists that Dr. Hong always possessed the right to receive benefits under one of the periodic payment options. TIAA–CREF simply followed its normal procedure, as if an election of option had been made in the absence of any ongoing controversy as to the terms of the original contracts. Dr. Hong merely did what he was told in order to receive his benefits. Had he refused, TIAA–CREF would have presumably withheld any payment, even that to which Dr. Hong was clearly entitled, until completion of the lawsuit. In light of all this, I do not think the language relied on by the majority can be said to demonstrate conclusively that Dr. Hong substituted the new contracts for the old, thus effectively extinguishing any claim to a lump-sum distribution under the old.

Accordingly, I would hold that the district court erred in summarily dismissing the suit and remand the case for further proceedings.